## SELLARS v. UNITED STATES.*

(Circuit Court of Appeals, Eighth Circuit. November 14, 1925.)

No. 6770.

1. Jury ⊕=21(6)—Denial of jury trial on preliminary issue of insanity at time of trial held not abuse of discretion.

Where there was no claim or evidence that defendant was insane at time of alleged offense, there was no abuse of discretion in denial of jury trial on preliminary issue of insanity at date of trial.

2. Criminal law ⊕=1056(1)—Assignment of error that charge was prejudicial not sustained, in absence of exception.

Where there were no exceptions to charge at conclusion thereof, assignment of error that charge was prejudicial cannot be sustained.

3. Criminal law ⊕=1129(3)—Assignment of error on charge not sustained, where assignment does not correctly state words used or meaning.

Assignment of error that charge was prejudicial cannot be sustained, where assignment does not correctly or fairly state the words used by the court, or the true meaning of the charge.

4. Criminal law ⊕=1129(3)—Assignment of error in charge held not to comply with rule.

Assignment of error that charge was prejudicial cannot be sustained, where it did not set out part of charge referred to in totidem verbis, as required by rule 11 of the Circuit Court of Appeals.

5. Criminal law ⊕=1130(4)—Motion to dismiss case for failure to file printed brief within time denied.

Where defendant was permitted to present case on typewritten transcript of record, and his attorney was delayed in preparing brief, because transcript was in another state from that of his residence, motion to dismiss case for failure to file printed brief within time prescribed by rule 24 of the Circuit Court of Appeals denied.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

*Rehearing denied February 9, 1926.

Charles M. Sellars was convicted of mailing unmailable matter, in violation of the Criminal Code, and he brings error. Motion to dismiss case for failure to file brief within time denied, and judgment affirmed.

D. B. Welty, of Oklahoma City, Okl., for plaintiff in error.

James A. Ingraham, Asst. U. S. Atty., of Oklahoma City, Okl.

Before SANBORN, LEWIS, and BOOTH, Circuit Judges.

WALTER H. SANBORN, Circuit Judge. The defendant below, Charles M. Sellars, was indicted, tried, convicted, and sentenced to imprisonment in the penitentiary for three years for committing the offense of mailing unmailable matter in violation of section 211, Criminal Code (Compiled Statutes, § 10381). He sued out the writ of error in this case, and it was duly assigned for hearing. Counsel for the United States then made a motion to dismiss for the failure of the plaintiff in error to file his brief within the time prescribed by rule 24 of this court. Counsel for Mr. Sellars met this motion with a showing that he was a poor man; that on that account this court had permitted him to present his case to it on the typewritten transcript of the record, without printing it; that his attorney was delayed in preparing his brief, because the transcript was at St. Louis and he resided in Oklahoma; and he presented to this court with this showing his printed brief, which he had just received from the printer. In this state of the case the court ordered the case submitted to it on the transcript, the brief of the plaintiff in error, and the motion to dismiss for failure to comply with rule 24.

[1] After Mr. Sellars had been arraigned and had pleaded not guilty on March 5, 1923, to the charge in the indictment, and on January 24, 1924, his counsel presented to the court below an affidavit and plea to the effect that he was then insane, and incapable of properly defending himself against the charge in the indictment, prayed that the issue regarding his insanity be tried by a jury, and the court assigned that issue for trial on the 4th day of February, 1924. Subsequently, on February 6, 1924, the court below ordered that the issue of the defendant's sanity be tried by the court without a jury; the defendant excepted to that order; the court tried the issue and found and adjudged that the defendant was sane and capable of defending himself. On February 7 and 8, 1924, the charge in the

indictment was tried on the merits of the case by a jury that found the defendant guilty.

In his brief counsel for Mr. Sellars complains of two and only two alleged errors in the proceedings. The first is that the court denied the request of the defendant. that the issue whether at the time of the trial he was so insane as to be incapable of defending himself against the charge in the indictment should be tried by a jury. He concedes, however, that the power was granted to, and the duty was imposed upon, the court below to decide that question by the exercise of its judicial discretion, and his real claim here is that the court's decision of that question was "under all the circumstances in the case, and the question of his sanity being a vital question in the case, that it was an abuse of discretion to deny the defendant a jury trial on the question of his insanity." But the question upon which he was denied a jury trial was not whether the defendant was insane at the time he was charged with the commission of the offense; it was whether or not at the time of the trial he was so insane as to be incapable of defending himself against the charge in the indictment. The record discloses no claim, plea, or evidence in the case of any claim that the defendant was insane when he committed the offense charged at the time when the court below denied the jury trial of the issue whether he was then so insane as to be incapable of defending himself. His defense to the charge of the offense was then, and had been for more than nine months, in charge of his counsel, learned in the law, and the record discloses no evidence of any abuse of the discretion of the court below in its denial of a jury trial of the preliminary issue whether the defendant was incapable of defending himself.

[2-4] The second alleged error is stated in the defendant's assignment of errors in these words: "The court erred in using the following language in his charge to the jury in substance 'that, if a person reasons at all, he must reason correctly' (and in using the illustration of the trial of Charles Jules Guiteau who assassinated President Garfield), in that the same was prejudicial to the defendant." This assignment of error cannot be sustained: (1) Because the record shows that at the close of his charge the trial judge said, "Are there any exceptions on either side, or any requests?" and counsel for the defendant took no exception to the charge or any part of it; (2) because this assignment of error does not correctly or

fairly state the words used by the court in its charge, or the true meaning of the charge; (3) because the assignment does not set out the part of the charge referred to in "totidem verbis," as required by rule 11 of this court; and (4) because a consideration of the evidence in the case in connection with the charge has convinced that there was no error in the latter prejudicial to the defendant.

[5] It is accordingly ordered that the motion to dismiss this case for failure of the defendant below to file his printed brief within the time prescribed by rule 24 of this court be and it is denied, and the judgment below is affirmed.