## MARIN v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. January 6, 1926.)

No. 4451.

1. **Criminal law ⊕⇒742(1)—Credibility of witnesses is question for jury.**

Credibility of witnesses is question for jury.

2. **Witnesses ⊕⇒277(4)—Cross-examination of defendant with reference to prior indictment, concerning which he testified on direct examination, held proper.**

Cross-examination of defendant with reference to prior indictment, concerning which he testified on direct examination, *held* proper.

3. **Criminal law ⊕⇒441—Refusal to require government to produce affidavit and search warrant on file in office of issuing justice held not error.**

Refusal to require government to produce affidavit and search warrant, on file in office of issuing justice and equally available to defendant, *held* not error.

4. **Criminal law ⊕⇒1036(2), 1054(1)—Court's cross-examination of defendant, to which no objection or exception was taken, held not prejudicial error.**

Court's cross-examination of defendant, to which no objection or exception was taken, *held* not prejudicial error.

5. **Criminal law ⊕⇒1056(1)—Alleged error in instructions not considered, without exception, unless miscarriage of justice appears.**

Alleged error in instructions will not be considered, in absence of exception thereto, unless miscarriage of justice appears.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Morris Marin was convicted of conspiracy to violate the National Prohibition Act, and he brings error. Affirmed.

H. A. Behrendt, of Detroit, Mich. (Milton A. Behrendt, of Detroit, Mich., on the brief), for plaintiff in error.

Delos G. Smith, U. S. Atty., and James J. Spillane, Asst. U. S. Atty., both of Detroit, Mich.

Before DONAHUE, MACK, and MOORMAN, Circuit Judges.

DONAHUE, Circuit Judge. The plaintiff in error was jointly indicted with Charles Phillips, Holmes Morton, and William Sagamore for conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). Morton and Sagamore entered pleas of guilty. Marin stood mute, and the court directed a plea of not guilty to be entered for him. It does not appear from the record that Phillips was arrested or tried upon this indictment. The trial of Marin resulted in a verdict of guilty, upon which verdict the court imposed sentence.

There are a number of assignments of error, but counsel for plaintiff in error summarizes these as follows: First, that the trial court erred in overruling the defendant's motion for directed verdict at the close of all the evidence; second, error in the admission and rejection of evidence; third, error in the charge; fourth, error in the conduct of the trial.

[1] There was positive, direct, and substantial evidence offered by the government tending to prove a conspiracy between Marin and his codefendants to procure, sell, and transport intoxicating liquors, in violation of the provisions of the National Prohibition Act. The question of the credibility of the witnesses offered by the government to prove this fact was a question for the jury under proper instructions from the court. The motion to direct a verdict was properly overruled.

[2] It is further claimed that the court erred in cross-examining, and in permitting the defendant to be cross-examined, in reference to a former indictment against him for a like offense. The defendant having testified upon direct examination that he had formerly been indicted for a like offense and that the indictment was dismissed, it was entirely proper to permit him to be cross-examined upon the same subject-matter, if for no other reason than to determine whether he had disclosed upon direct examination all the facts and circumstances in reference to the former indictment, and whether that indictment had in fact been dismissed. It also follows that, the jury having been advised by the testimony of the defendant upon direct examination that he had been formerly indicted, his cross-examination in reference thereto could not be prejudicial.

[3] It is also claimed that error intervened to the prejudice of the plaintiff in error in not requiring the government to produce the affidavit and search warrant issued by a justice of Flint, Mich. This request came dur-

ing the examination of Federal Prohibition Agent McNeeley. The affidavit and search warrant were not in the possession of the government's attorney, but were on file in the office of the justice who issued the warrant. Under these circumstances, it was not the duty of the government's attorney to produce these papers. If the defendant desired their production, he had equal rights with the government's attorney to cause a subpœna duces tecum to issue for the justice who had them in his possession.

[4] It is also claimed that the court erred in cross-examining the defendant. The court did ask the defendant a number of questions, but it does not appear that defendant interposed any objections or took any exceptions to the questions propounded by the court, which it is now claimed constituted prejudicial error. Nor does it appear that any of these questions were improper.

[5] It is also claimed that the court erred in its charge to the jury. It is sufficient to say in reference to this contention that there was no error in the charge, in so far as exceptions were taken thereto. This court will not consider alleged errors to which no exceptions were taken, except and unless it appears that by reason of these errors there has been a miscarriage of justice. It does not appear to this court that there has been any miscarriage of justice in this case, but, on the contrary, that the defendant has had a fair and impartial trial, that the evidence fully sustains the verdict of the jury, and that the errors assigned are highly technical and without merit.

Judgment affirmed.