**CHOLACOFF et al. v. UNITED STATES.**

(Circuit Court of Appeals, Sixth Circuit. February 2, 1926.)

No. 4422.

1. Criminal law ⬅1048—Assignments of error, having no basis in exceptions taken at trial, present nothing for review.

Assignments of error, having no basis in exceptions taken at trial, present nothing for review.

2. Criminal law ⬅1086(14)—Assignments of error in admitting testimony held to present nothing for review.

Assignments of error in admitting testimony, as to which record shows only "Objection; overruled; exception," without statement of what objection was, or why it was overruled, present nothing for review.

3. Criminal law ⬅1144(10)—Prejudicial error not presumed, where alleged justification of court's comment on defendant's failure to testify omitted from record.

Where defendant's counsel failed to include in record argument which court stated justified and required comment on defendant's failure to testify, *held* prejudicial error would not be presumed.

4. Criminal law ⬅434—Evidence found in account book taken from defendant held properly admitted.

In prosecution for conspiracy in October, 1924, evidence found in account book taken from pocket of one of defendants, arrested in November of that year, *held* properly admitted as against objection that book items bore no year date, and might have referred to some former year.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge.

Mike Cholacoff and others were convicted of conspiracy, and they bring error. Affirmed.

Lionel Levy and Cornell Schreiber, both of Toledo, Ohio, for plaintiffs in error.

Eugene T. Lippincott, Asst. U. S. Atty., of Lima, Ohio (D. L. Sears, Asst. U. S. Atty., of Toledo, Ohio, on the brief), for the United States.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

PER CURIAM. [1, 2] 1. Many assignments of error have no basis in exception taken at the trial; as to many others, directed

to admitting testimony, the record shows only "Objection; overruled; exception," with nothing to explain what the objection was, or why it was overruled. Such assignments present nothing for review.

[3] 2. The trial judge (it is claimed) commented on the failure of two defendants to testify in their own behalf. He said that this action by him was justified, indeed required, by the argument which defendants' counsel had made. This supposed justification is omitted from the record, for the perfection of which this counsel is responsible. Upon such a basis we cannot presume prejudicial error.

[4] 3. Much condemnatory evidence was found in an account book taken from the pocket of one of the defendants when arrested in November, 1924. The indictment charged conspiracy in October, 1924. The objection was that the book items bore no year date, and might have referred to some former year. The circumstances gave basis enough to permit a jury inference that the book covered the period current at the critical date. The jury was properly instructed that the entries were not evidence against the other defendants, unless the conspiracy was otherwise established.

4. Upon review of the whole record, we find substantial direct evidence sufficiently tending to implicate each defendant in the conspiracy, without resorting to that proof which was admissible only under the co-conspirator rule.

The verdict and sentence as to each plaintiff in error are affirmed.