## PACE v. UNITED STATES.

Circuit Court of Appeals, Sixth Circuit.
June 30, 1928.

No. 5086.

1. **Criminal law ⟐1048—Court on appeal in criminal case should not review rulings in absence of exceptions, unless failure of justice appears.**

Where, in criminal prosecution, no exception is taken to ruling at time of trial, court is not bound to review the ruling, and should not do so unless failure of justice would otherwise result.

2. **Criminal law ⟐1054(1)—Admission of copy of invoice for purchase of automobile, stolen and transported in interstate commerce, held not reviewable without exception (National Motor Vehicle Theft Act [18 USCA § 408]).**

In prosecution under National Motor Vehicle Theft Act (18 USCA § 408), for transporting stolen automobile in interstate commerce, admission in evidence of copy of invoice for purchase of car was not reviewable on appeal, where no exception was taken.

3. **Criminal law ⟐730(12)—Argument in prosecution for transporting stolen automobile in interstate commerce, that defendant was automobile thief held not prejudicial error, in view of court's statement (National Motor Vehicle Theft Act [18 USCA § 408]).**

In prosecution under National Motor Vehicle Theft Act (18 USCA § 408), for transporting stolen automobile in interstate commerce, argument of counsel characterizing defendant as "nothing more than automobile thief," followed by objection and court's statement that question whether defendant stole car was for jury, and that they might leave out the statement of counsel, *held* not prejudicial error.

In Error to the District Court of the United States for the Eastern District of Michigan; Edward J. Moinet, Judge.

Salvatore Pace was convicted of transporting a stolen automobile in interstate commerce, and he brings error. Affirmed.

Anthony Maiullo, of Detroit, Mich., for plaintiff in error.

C. Frederic Stanton, Asst. U. S. Atty., of Detroit, Mich. (John R. Watkins, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. Plaintiff in error was convicted under the National Motor Vehicle Theft Act of October 29, 1919 (U. S. C. S. 1916, 1923 Supp. § 10418d [18 USCA § 408]), of transporting in interstate commerce an automobile knowing it to be stolen.

[1, 2] The errors assigned relate only to proceedings on the trial. For example, complaint is made of the admission in evidence of a copy of an invoice for the purchase of the automobile in question. It does not satisfactorily appear that the copy in question was the one admitted. Moreover, we see no prejudicial result to plaintiff in error. It is enough to say, however, that no exception was taken to the ruling, and that this court is thus not bound to review the ruling, and should not do so unless a failure of justice appears. Cholacoff v. United States (C. C. A. 6) 10 F.(2d) 505; Marin v. United States (C. C. A. 6) 10 F.(2d) 271. Such is not the case here. There was ample evidence to sustain the conviction; there was no motion for directed verdict, and the jury was carefully instructed in a charge to which no exception was taken.

It is undisputed that plaintiff in error drove the car from Detroit, where it appears to have been stolen, to Niagara Falls. The substantial and controlling question was whether plaintiff in error either stole the car or knew that it was stolen.

[3] In the course of his argument to the jury, counsel for the United States characterized the defendant as "nothing more than an automobile thief." That was objected to "as highly objectionable," with the statement, "There is no proof that he stole this car or any other car." The court stated that it was for the jury to determine whether he stole it or whether it was stolen, and he knew it was stolen; that, while there was no direct evidence establishing the fact that plaintiff in error actually stole the car, yet, from the fact that it was found in his hands, and from the surrounding facts and circumstances, the jury might be able to find that he either stole it or knew that it was stolen, adding, "So the statement of the district attorney is somewhat extravagant, the latter part of it; you may leave that out." No further exception or objection was made. It seems clear that no prejudicial error was committed. Carter v. Tennessee (C. C. A. 6) 18 F.(2d) 850, 853; Billiter v. United States (C. C. A. 6) 23 F.(2d) 678. We find no error in the item of cross-examination complained of. We think it proper cross-

examination as affecting the credibility of the testimony of plaintiff in error.

The remaining three complaints we have not discussed, but we have considered them carefully, and find it enough to say that we find no merit in any of the complaints in these respects. The record impresses us that plaintiff in error has had a fair trial.

The judgment of the District Court must therefore be affirmed.