## IRVING v. UNITED STATES.
### No. 6504.

Circuit Court of Appeals, Ninth Circuit.
Oct. 19, 1931.

Wm. J. Fellows, of Phœnix, Ariz., for appellant.

John C. Gung'l, U. S. Atty., of Tucson, Ariz., and J. S. Wheeler, Asst. U. S. Atty., of Phœnix, Ariz., for the United States.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge.

The appellant was found guilty of three offenses charged in separate counts of the indictment, all being for the alleged violation of the National Prohibition Act (27 USCA). He appealed from the judgment as entered following his conviction.

In the statement of assignment of errors contained in the printed record, appellant has in the main referred to rulings of the court made during the course of the trial as to the admission and rejection of evidence, none of which assignments meets the conditions prescribed by the rules of this court; this particularly in that the requirement is not observed that he "quote the full substance of the evidence admitted or rejected." Rule 11. Also, the specifications intended to present for review the alleged errors in the instructions of the court totally fail to satisfy the further condition of the rule adverted to, which declares: "When the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis, whether it be in instructions given or in instructions refused."

And the rule concludes: "When this is not done, counsel will not be heard, except at the request of the court; and errors not assigned according to this rule will be disregarded, but the court, at its option, may notice a plain error not assigned."

Rules of practice as prescribed by the court, and as they relate to the manner in which alleged errors shall be pointed to, are intended to limit and define the particular questions to be considered by the court, so that the merits of an appeal may be quickly arrived at and time saved in the examination of the case. These rules are plainly written and easily understood. Similar provisions respecting specifications of errors have been generally adopted by federal appellate courts. An observance of their requirements is generally enforced. In the exceptional case only, in the absence of proper specification, and with the object of preventing injustice to result to an appellant, the court will, under the option reserved in rule 11. "notice a plain error not assigned." See Robinson et al. v. U. S., 33 F.(2d) 238 (decision of this court); Sellars v. U. S., 9 F.(2d) 244 (C. C. A. 8th); Gray v. U. S., 14 F.(2d) 366 (C. C. A. 8th); Gerk v. U. S., 33 F.(2d) 485 (C. C. A. 8th); Fullerton v. Government of Canal Zone, 8 F.(2d) 968 (C. C. A. 5th); Marin v. U. S., 10 F.(2d) 271 (C. C. A. 6th). And it may be observed that prejudice is not inferred from mere error, and that the burden is always upon an appellant to show that he has suffered damage in his case. 28 USCA § 391; Robilio v. U. S. (C. C. A.) 291 F. 975, 981. In the opinion in the case named, the Circuit Court of Appeals for the Sixth Circuit said: "It has more than once been held that reversal will not be had for erroneous action on the trial where the evidence clearly shows, or is convincing, that plaintiff in error was guilty." Citing Horning v. District of Columbia, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185; Carpenter v. U. S., 280 F. 598 (C. C. A. 4th).

It is then to be considered as to whether, upon an examination of the record in this case, such manifest and prejudicial error appears as to warrant the conclusion that the conviction of the appellant was un-

fairly obtained. And it does not appear that such was the result of the trial. Appellant was charged, first, with having at a specified time possessed approximately one gallon of whisky; second, with having sold the same quantity of whisky; third, with having transported in an automobile the same quantity of whisky; it being charged in each count that the liquor was fit for beverage purposes. Two federal enforcement agents had arranged that one Roberts should at a certain time buy from the appellant a gallon of whisky. At the time the whisky was to be delivered, the agents were at Roberts' house. The appellant first called at the house, and, after talking with Roberts for a few moments, departed and returned shortly in an automobile with a paper parcel, which he took into Roberts' house. In the parcel was a jug. Roberts paid the appellant $10, and was assured by appellant that it was "good stuff." The two agents were placed where they could overhear the conversation and observe the delivery. After the money was passed, they emerged and placed the appellant under arrest. One of the agents testified that appellant said: "You have got me this time." Another of the agents remarked to appellant "Yes, Tom, we told you some time ago if you didn't quit this we were going to get you," to which appellant replied: "Yes, you did, Jimmy." Two of the agents testified that they immediately examined the gallon jug, and tasted of its contents, and that the jug contained whisky, which was fit for beverage purposes; that the whisky contained more than one-half of one per cent. of alcohol by volume. The agents had observed appellant drive up to Roberts' house in the automobile, had observed him take the paper parcel from the automobile and into the house, had heard the conversation between Roberts and the appellant at the time the jug was delivered to the former. Their evidence made a prima facie case for the government, and showed the commission of the several offenses charged in the indictment. No contradiction was made of any of the essential facts testified to by the agent witnesses, other than that the appellant denied that he had made, at the time he was arrested, the statements attributed to him.

He testified that prior to delivering the whisky, he had placed in it several ounces of ipecac for the purpose of rendering it unfit for beverage purposes; that he did this because he believed that the federal agents

planned to "frame" him. His wife testified that she had seen him put ipecac in a gallon bottle of whisky which looked like the gallon bottle produced in court. It was stipulated that a second member of the Irving family would give testimony to the same effect as that of the wife.

Appellant's counsel had made it appear, during the taking of testimony for the government, that the fact that appellant had delivered the gallon of whisky was not contested. During the examination of one of the prohibition enforcement agents, although the agent had not suggested the subject on his direct examination, appellant's counsel asked him whether appellant had not before this trial told the agent that he was going to plead guilty. When the matter of having an analysis made of the liquor was being discussed before the court, counsel stated that he would "make an avowal to the court that the whisky was not and never had been fit for beverage purpose," adding, "If your Honor desires, I will tell you, even, what it contains. * * *." Later the appellant testified and admitted the facts concerning the delivery of the liquor, and to the receipt of $10 in payment therefor, denying only the statements which the arresting officers attributed to him as having been made at the time of the arrest; basing his whole defense upon the claim that the whisky, when delivered, was unfit for beverage purposes.

The jury, being the sole judges of the evidence, had the right to reject the testimony as to the ipecac having been mixed with the whisky. In that connection, they might well have considered as strange and unusual the claimed act of the appellant in purchasing ipecac, as he said, several months before the date of the delivery of the whisky, and the likelihood of him having, believing that he was to be unjustly accused, accepted the order for and delivered the gallon of whisky and received the money for it. Surrounding circumstances, as shown by the evidence, may well have had a potent effect in causing the jury to conclude that it would require a straining of their credulity to give any weight to the defense offered by appellant.

█ It was error for the court (which is noticed in the absence of sufficient specification made, and only for the purpose stated earlier in this opinion) to allow the United States attorney to inquire of Roberts, to whom the liquor had been delivered, wheth-

er he had not signed a statement in the office of appellant's counsel after the arrest was made, and to examine appellant's counsel as a witness in the endeavor to prove that such a statement was taken, and to inquire regarding its substance. This in view of the fact that it was not pretended by the prosecutor that appellant was present or had part in the transaction, and because the inference might be that appellant's counsel had endeavored to tamper with a government witness. However, the court did not permit the witness Roberts to testify as to what the statement was, and sustained the objection of appellant's counsel to an examination of him as to its contents. The objections made to the introduction of the subject into the case were quite general, and a number of the questions were not objected to at all. The error was not of such grave import as to warrant the belief that the jury's verdict might reasonably have been influenced thereby.

The appellant requested no instructions to be given; he did not point out any alleged error on the part of the court in the instructions given, nor ask for further qualifying instructions affecting those used by the trial judge.

We conclude that no error was committed by the trial court of such gravity as to entitle appellant to claim that justice was not done in his case.

The judgment is affirmed.