## DIDIA v. UNITED STATES.

### No. 9106.

Circuit Court of Appeals, Ninth Circuit.

Oct. 26, 1939.

Granville Egan and John J. Sullivan, both of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

From conviction on four counts of an indictment charging appellant with the removal of labels containing the words "Made in Japan", on merchandise imported from Japan, appellant has brought this appeal.

19 U.S.C.A. § 1304(a) provides in part: "Every article imported into the United States * * * shall be marked * * * in legible English words, in a conspicuous place, in such manner as· to indicate the country of origin of such article, in accordance with such regulations as the Secretary of the Treasury may prescribe. * *"

Subdivision (d) provides a penalty if "any person shall, with intent to conceal

the information given thereby * * * destroy, remove * * * any * * * label required under the provisions of this chapter * * *."

The indictment contained four counts, each of which charged removal of labels from merchandise specified in each count. Appellant contends that the evidence is insufficient to show: (1) that the merchandise ever bore labels containing the words "Made in Japan"; and (2) that such labels complied with the regulations of the Secretary of the Treasury.

The record discloses that the merchandise in question was imported into the United States from Japan. Custom agents had purchased the merchandise in question from a store managed by appellant. Such agents examined the merchandise in the stock room in the rear of the store and found it properly marked with the exception of a very few articles. In a trash box in such room such agents found 639 of such labels.

There was testimony by employees of the wholesale houses where the merchandise in question was purchased that such merchandise bore labels "Made in Japan" when the merchandise was shipped to the store managed by appellant. It was brought out on cross-examination, however, that each article was not examined, but that it was assumed that the merchandise was properly marked because if not the Customs House would have notified the wholesalers at the time of importation. There was testimony of former employees of the store managed by appellant, that the label on one article of the merchandise in question had been cut off with scissors and that the labels on two other articles had been torn off. The articles still disclosed remains of the labels at the trial. Six former employees testified that they were instructed by appellant and the owner of the store to remove all labels "Made in Japan" because of a customer-prejudice against goods made in Japan. One employee testified (1) that appellant instructed her to tell Customs Agents that salesgirls employed at the Christmas season removed the labels, and (2) that the labels on the merchandise in question could not have fallen off because they were removed when the articles were taken from stock.

For appellant, there was testimony that such labels easily fall off, and several imported articles purchased at other stores were introduced to show that such articles did not contain labels.

It also appeared that the labels were usually placed on the merchandise before shipment to the United States; but each article of packed merchandise was not examined by Customs Agents at the time of importation into the United States.

From the foregoing evidence we think the jury could rightly infer that the labels were attached to the articles in question. As to three of the articles in question the evidence is positive to that effect, because of the remains of the labels on the merchandise in question. The evidence that the labels were removed is positive so that the jury was not compelled to infer that fact. One employee had testified that the labels could not have dropped off because they were removed when the articles were taken from stock.

Appellant contends the evidence is insufficient because to find guilt it was necessary for the jury to presume that the labels were affixed to the articles, and based upon that presumption, infer that such labels were removed. It is asserted that one inference or presumption cannot be based upon another inference or presumption. That rule, however, has no application here. Assuming, without so holding, that it was necessary for the jury to infer from the evidence that the labels were affixed to the merchandise, no further inference is necessary because the fact that the labels were removed was shown by direct evidence. Moreover, the testimony of the employee that the labels were removed when the articles were taken from stock necessarily means that such labels were affixed to the articles, as otherwise they could not have been removed.

It is conceded that there is no evidence of the regulations of the Secretary of the Treasury regarding the kind of labels or the manner of fixing them to the article. Appellant contends that the statute requires the labels to be affixed in accordance with regulations prescribed by the Secretary of the Treasury, and since there was no proof to that effect, the verdict must be set aside. We do not so read the statute. It requires markings "in accordance with such regulations as the Secretary of the Treasury may prescribe". This means that it is permissive with and not mandatory for the Secretary to prescribe such regulations. If such regulations were

made by the Secretary, it would be necessary for the markings to conform thereto. There was no evidence that any such regulations had ever been prescribed. The burden is on appellant to show error (Irving v. United States, 9 Cir., 53 F.2d 55, 56; Pace v. United States, 5 Cir., 94 F.2d 591); and we might well hold that since he has failed to show the existence of any such regulations, he has failed to sustain his burden.

However, since the argument of the cause, appellee has submitted a copy of the applicable regulation. Article 528(b), Custom Regulations (1937 Ed.), insofar as it is pertinent here, merely provides that the required marking "shall include the name of the country of origin". The evidence discloses that the labels removed contained the words "Made in Japan". Such a label complies with the regulation.

Affirmed.