**Patrick Millard EDDY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15513.**

United States Court of Appeals
Ninth Circuit.

Feb. 7, 1958.

Rehearing Denied March 31, 1958.

Patrick Millard Eddy, Leavenworth, Kan., in pro. per.

Laughlin E. Waters, U. S. Atty., Lloyd F. Dunn, Peter J. Hughes, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and CHASE A. CLARK, District Judge.

PER CURIAM.

This is an appeal from an order of the District Court denying a motion filed by Eddy for an order requiring that he be furnished with a certified copy of the transcript of the proceedings at arraignment and sentence at the expense of defendant.

Defendant had been sentenced by Hon. J. F. T. O'Connor to a term of twenty-five years for armed robbery of a postal clerk and to a five year term concurrent therewith for transporting a stolen car. Both sentences were imposed upon pleas of guilty.

On May 7, 1956, Eddy filed a motion that he be furnished a transcript of the proceedings on arraignment and plea at government expense. The District Court denied the motion. Appeal was taken to this Court and was dismissed by the Court on motion of the government.

On September 4, 1956, Eddy filed the present motion for an order requiring that he be furnished a certified copy of the transcript at his own expense. Although this motion was entitled a proceeding under 28 U.S.C.A. § 2255, the only proper basis therefor was 28 U.S.C.A. § 753(b), which requires a verbatim transcript of criminal cases to be kept on file for ten years. Appeal was taken from the denial of this motion by the trial court.

The minutes and docket entries of all these proceedings have been furnished to defendant, and copies are attached to the opinion of the District Court. There are also attached to that opinion an affidavit showing that the transcripts of proceedings before Judge O'Connor at approximately the same time were found by the Clerk of the District Court, but the notes for the two dates here involved were missing. Unquestionably, a diligent search has been made, according to the record.

■ Judge Yankwich, under such circumstances, denied the motion. Since furnishing of the notes is impossible, the order is affirmed. Defendant is not thereby prevented from proving the contents of the notes or the course of the proceedings in court.

■ The additional suggestion of Eddy that he be summarily discharged because the notes cannot presently be found has no substance. See Griffin v.

People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

Affirmed.