Rufus E. STEPHENS, alias Steve Ringo, alias Stephen Ringo Steel, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18019.

United States Court of Appeals Fifth Circuit.

April 18, 1961.

---

William F. Walsh, Houston, Tex., for appellant.

Paul N. Brown, U. S. Atty., Tyler, Tex., for appellee.

Before CAMERON and BROWN, Circuit Judges, and HANNAY, District Judge.

CAMERON, Circuit Judge.

The question presented by this appeal is whether the court below committed reversible error when it failed to require the court reporter to record certain proceedings had in open court, mainly, the examination of the veniremen and the arguments of counsel to the jury. Other points were raised, but we do not apprehend that they would recur in a further trial and our answer to the question stated will dispose of the case.

Appellant Stephens was convicted of transporting one Patricia Ann Herring from Beaumont, Texas to New Iberia, Louisiana for the purpose of prostitution and debauchery in violation of the Mann Act, Title 18 U.S.C.A. § 2421. His court-appointed attorney insists that he is entitled to a transcript of all of the proceedings which took place in the court below in order that he may properly present certain specified errors to this Court. We think that this is true under the Court Reporter Act, 28 U.S. C.A. § 753(b).[1]

The Act is mandatory in its requirements, and it has been held that its very purpose was to satisfy "the long-felt need for a verbatim record of all court proceedings, particularly in criminal cases * * *"[2]

Since the failure of the court reporter to observe the terms of the statute is undisputed and the result is that a full transcript is not available to us, we do not see how we can, under Rule 52(a), F.R. Cr.P., 18 U.S.C.A., adjudicate that there was no showing that any errors which might have been reflected by the transcript were harmless. This conclusion seems to be in line with whatever jurisprudence is available on the subject.[3]

The judgment appealed from is, therefore, reversed and the cause remanded for a new trial.

Reversed and remanded.

---

1. "One of the reporters appointed for each such court shall attend at each session of the court and at every other proceeding designated by rule or order of court or by one of the judges, and shall record verbatim by shorthand or by mechanical means: (1) all proceedings in criminal cases had in open court; * * *"

2. Poole v. United States, 1957, 102 U.S. App.D.C. 71, 250 F.2d 396, 399.

3. Cf. Bruno v. United States, 1939, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257, and Stansbury v. United States, 5 Cir., 1955, 219 F.2d 165, 169.