Robert W. FOWLER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19458.

United States Court of Appeals
Fifth Circuit.

Nov. 21, 1962.

Joe Brown Booth, Miami, Fla., for appellant.

Edmond J. Gong, Asst. U. S. Atty., Miami, Fla., Edward F. Boardman, U. S. Atty., for Southern Dist. of Florida, for appellee.

Before JONES and BELL, Circuit Judges, and CARSWELL, District Judge.

JONES, Circuit Judge.

Before us on this appeal is a record of 101 pages, only two or three of which are pertinent to the question we are asked to decide. Omitted from the record before us is a transcript of the argument of Government counsel to the jury, which is most important to the issue raised by the appellant.

The appellant, Robert W. Fowler, was charged in six counts with the unlawful purchase and sale of heroin. At the conclusion of the Government's case the appellant moved for a directed verdict. The motion was denied. The appellant put on no evidence and rested his case. The jury was excused and the appellant's counsel made this motion:

"Now, if your Honor please, I move this Honorable Court for a mistrial upon the grounds that the Assistant District Attorney has called to this jury's attention that the defendant has offered no testimony on his behalf which, in fact, calls to the jury's attention that the defendant has not offered any testimony for himself, by himself, And, therefore, I move for the mistrial."

Then followed a colloquy between the court and counsel:

THE COURT: "I deny that motion. But in that connection, let me say to you at this time that I am going to charge the jury on that question."

COUNSEL FOR DEFENDANT: "Yes, sir."

THE COURT: "And it is a charge that I always give where the defendant fails to testify because that is none of the jury's concern."

COUNSEL FOR DEFENDANT: "Yes, sir."

THE COURT: "So, you do not need to worry. I will straighten that out."

COUNSEL FOR DEFENDANT: "All right, sir."

The jury was recalled and instructions were given. Among the instructions was the following:

"Now, in this case the defendant has not taken the stand. Counsel for the Government made some comment upon that. I direct you to completely disregard that comment. It has no place in this record because under the law while the law permits a defendant to testify, he is under no obligation to do so. His failure to do so creates no presumption against him. You are not authorized to draw any distinction from or make any reference to the failure of the defendant to testify, or with his silence you have nothing to do. You are to decide the case with reference alone to the testimony actually introduced without regard to what might or might not have been found if the defendant had taken the stand and testified."

The jury returned a verdict of guilty on all of the six counts and the court imposed sentences aggregating fifteen years.

█ In the appellant's motion it is recited that the prosecutor called attention of the jury to the failure of the appellant to produce evidence. In its brief the Government states that its attorney pointed out to the jury that the testimony of its witnesses was uncontradicted. Such comment would be proper. Smith v. United States, 5th Cir. 1956, 234 F.2d 385. The district court, in charging the jury, did so with respect to commenting upon failure of the appellant to take the stand. Any such comment would, of course, be highly prejudicial. The record before us does not contain argument of counsel. By the Government's brief we are informed that "The local practice is such that unless counsel request the recording of closing arguments they are not taken down." Local practice cannot override a federal statute. The Congress has directed that a court reporter shall record all proceedings in criminal cases had in open court. 28 U.S.C.A. § 753(b). The requirement is mandatory and without a transcript of the argument of counsel we are unable to determine whether the United States Attorney made such prejudicial comment as to require reversal. This being so, it follows that a new trial must be had. Therefore, the judgment of conviction and sentence must be reversed and the cause remanded.

Reversed and remanded.