**Willie Frank BROWN, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17782.**

United States Court of Appeals
Ninth Circuit.

Feb. 18, 1963.

Duniway, Circuit Judge, dissented.

294

Gerald N. Hill, San Francisco, Cal., for appellant.

Brockman Adams, U. S. Atty., Thomas H. S. Brucker, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before POPE, BROWNING and DUNIWAY, Circuit Judges.

BROWNING, Circuit Judge.

Appellant was convicted of transporting Betty Joyce Lanuzza from Seattle, Washington, to Richmond, California, for the purpose of prostitution in violation of 18 U.S.C.A. § 2421. He seeks reversal upon two grounds.

I

Appellant argues that because Miss Lanuzza furnished the automobile and the money, she and not he "transported" the couple between the points alleged. From the government's evidence at the trial, the jury might have concluded that prior to the trip in question Miss Lanuzza became a prostitute on appellant's instruction, that appellant directed Miss Lanuzza's activities, obtained customers for her, and received and used the proceeds of her efforts as means of support, that appellant decided that the trip would be made to get away from a man who was "bothering" Miss Lanuzza and in-

terfering with her activities as a prostitute by "hanging around," that the trip was made with the understanding that during the journey and while in California Miss Lanuzza would continue to support appellant and herself by prostitution, and that she did so. In short, there was evidence from which the jury could have found that appellant directed and controlled Miss Lanuzza and was the effective cause of her immoral activities; specifically, the jury could have concluded that the will directing the transportation for immoral purposes was appellant's, and that appellant therefore "transported" Miss Lanuzza though he provided neither the funds nor the physical means for the trip. See 18 U.S.C.A. § 2(b), and ¶ 8 of Reviser's Notes to 18 U.S.C.A. § 2421. See also Wright v. United States, 175 F.2d 384, 387 (8th Cir., 1949); Wagner v. United States, 171 F.2d 354, 360, 363 (5th Cir., 1948).

## II

Appellant asserts that the judgment must be reversed because the court reporter failed to record the closing arguments of counsel in violation of the statutory command that "all proceedings in criminal cases had in open court" be recorded verbatim. 28 U.S.C.A. § 753 (b) (1). Appellant has not suggested any error that may have occurred in the prosecuting attorney's summation. The sole error specified is the failure to record the summations; this error, appellant argues, in itself requires reversal and a new trial.[1]

We do not agree. In reviewing criminal convictions on appeal we are to disregard "error * * * which does not affect substantial rights." Rule 52(a), Federal Rules of Criminal Procedure. If the closing arguments of counsel contained no error affecting appellant's substantial rights, then failure to record those arguments would also be harmless error. Appellant argues that since the summations were not recorded we cannot be sure. But we are not compelled to set aside a valid conviction because of an error which may have been wholly harmless in order to be sure that we are not, through ignorance of the facts, denying relief for error which prejudiced appellant's substantial rights. The trial judge, the prosecuting attorney, appellant's trial counsel, the reporter, and the appellant himself are all available, as also, no doubt, are other witnesses to what transpired. The appropriate procedure is to vacate the judgment and remand for a hearing to determine whether appellant was prejudiced by the error in failing to record the arguments. If the trial court concludes that he was, a new trial may be ordered. If the court concludes that he was not, a new final judgment may be entered. See Remmer v. United States, 347 U.S. 227, 74 S.Ct. 450, 98 L.Ed. 654 (1954). See also Killian v. United States, 368 U.S. 231, 241–244, 82 L.Ed. 302, 7 L.Ed.2d 256 (1961); United States v.

---

1. Appellant's argument would be without merit if presented in a collateral attack upon his conviction. Although the requirement of Section 753(b) (1) that "all" proceedings in open court in criminal cases be recorded is mandatory (Stephens v. United States, 289 F.2d 308, 309 (5th Cir., 1961)), we would think failure to record counsel's summation, without more, though error, "is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure" (Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)), and failure to record counsel's summation therefore would not, of itself, require the granting of collateral relief. However, if a denial of appellant's rights in some other respect were alleged, the absence of a record might be a significant factor in determining whether in all the circumstances there had been a denial of fundamental fairness. United States v. Taylor, 303 F.2d 165, 169 (4th Cir., 1962). As the court held in Taylor, and as we indicated in Eddy v. United States, 256 F.2d 78 (9th Cir., 1958), one possibility to be explored in a hearing on such a collateral attack would be whether a record sufficient to permit fair consideration of the alleged violations of defendant's rights could be reconstructed. Compare Macomber v. Gladden, 304 F.2d 487, 490 (9th Cir., 1962).

Shotwell Mfg. Co., 355 U.S. 233, 78 S. Ct. 245, 2 L.Ed.2d 234 (1957); Ogden v. United States, 303 F.2d 724, 737–738 (9th Cir., 1962).[2]

Appellant argues that in Stephens v. United States, 289 F.2d 308 (1961), the Court of Appeals for the Fifth Circuit adopted a rule which would require outright reversal in circumstances such as are presented here. We think Stephens is distinguishable. The court there stated that the defendant required the transcript of unrecorded proceedings to "properly present certain specified errors to this Court" (289 F.2d at 309); in the present case, appellant has specified no error to which the closing arguments would be relevant. It also appears from the briefs and record in Stephens that defendant represented himself at trial; appointed counsel entering the case for the first time on appeal. This circumstance materially enhanced the likelihood that substantial error occurred in the unrecorded proceedings (which included the impaneling of the jury as well as closing arguments), and materially reduced the likelihood that a reasonably accurate estimate of the possibility of prejudice could be arrived at in a hearing if the case were remanded for that purpose.

Vacated and remanded for further proceedings.

POPE, Circuit Judge (concurring).

I concur fully in Judge BROWNING'S opinion.

When, as here, there has been a complete disregard of a positive statutory command to record closing arguments, I find myself in a predicament. I do not want to order a new trial merely for want of this recording, in the absence of some proof of prejudice. And still, I know that if, in fact, government counsel made the kind of argument dealt with in Ginsberg v. United States, 5 Cir., 257 F.2d 950, 955, 70 A.L.R.2d 548, or in Wagner v. United States, 5 Cir., 263 F.2d 877, 884, I would seriously consider reversal for "plain error", whether objection was or was not made at the time. Compare Viereck v. United States, 318 U.S. 236, 248, 63 S.Ct. 561, 87 L.Ed. 734.

That any such thing happened is extremely unlikely, but it is not impossible, as the cases cited show. Perhaps the chances are only one in ten thousand, but since I believe that never, if we can possibly avoid it, should any man stand convicted where plain error occurs, I think we have taken here the only step that

---

2. As an appendix to its brief in this Court, the government submitted affidavits asserting that appellant's trial counsel did not object to the failure to record the closing arguments, nor to anything which the prosecutor said in his summation. If properly established, these facts would be relevant, for although plain error affecting substantial rights may be noticed despite defendant's failure to object (Rule 52(b), Fed.R.Crim.P.), "it is only where an error is seriously prejudicial that it will be noticed in the absence of objection." (Himmelfarb v. United States, 175 F.2d 924, 950 (9th Cir., 1949)). "[P]ower to notice plain error not objected to will be exercised only to prevent a miscarriage of justice." (Schumacher v. United States, 216 F.2d 780, 787 (8th Cir., 1954)). But they are not facts of record, and we may not consider them unless, and until, they are.

Judge Duniway's suggestion that the procedure outlined in Rule 75(n) of the Federal Rules of Civil Procedure was available to appellant by reason of Rule 39(b) (1) of the Federal Rules of Criminal Procedure is novel. It apparently did not occur either to appellant or to the government. Even if the suggested construction of the Rules were clearly correct, we think it would be inappropriate on direct appeal from a judgment of conviction in a criminal case to preclude review on the ground that appellant had conclusively waived error by failure to invoke so unfamiliar a remedy. The government has not contended for such a result. There is authority suggesting that even in a civil case, where the unreported portions of the record may be of substantial importance, the better practice is to remand under Rule 75(h) for supplementary proceedings so that the record "may conform to the truth," rather than to ignore error or attempt review on an incomplete record. See United States v. Chesapeake & O. Ry., 281 F.2d 698, 701–702 (4th Cir., 1960).

will make certain that appellant is assured a fair trial.

DUNIWAY, Circuit Judge (dissenting).

I dissent. I agree that the evidence is sufficient to support a finding that the woman was transported by the defendant, but I would not remand the matter for further proceedings relating to oral argument.

In Irving v. United States, 1931, 9 Cir., 53 F.2d 55, at 56, we said "that prejudice is not inferred from mere error, and that the burden is always upon an appellant to show that he has suffered damage in his case." To the same effect, Didia v. United States, 1939, 9 Cir., 106 F.2d 918, 920. There is a presumption that the District Court tried the case properly and that it protected the rights of the defendant, until the contrary is made to appear. This rule applies with particular force where it is claimed that there has been prejudicial misconduct in the argument of the prosecutor. D'Aquino v. United States, 1951, 9 Cir., 192 F.2d 338, 367.

Here, error does appear, in that the arguments of counsel were not taken down by the court reporter, but there is not even an assertion that if the argument had been taken down and brought before this court it would disclose any misconduct on the part of the prosecutor, or any other error, much less prejudicial misconduct or error. Furthermore, it would not be ground for reversal even if the prosecutor had been guilty of some misconduct in the course of his argument. There would also have to be objection, as this is the kind of error that is usually readily cured by admonition and instruction, if brought to the court's attention. It is also the type of error that is often deliberately waived by experienced counsel by failure to object, to avoid emphasizing the matter in the eyes of the jury. The misconduct would have to be truly egregious to warrant reversal in the absence of objection.[1]

The rules of procedure provide a manner in which an appellant can bring before the court matters which occurred in the trial and of which no stenographic report was made. Rule 39(b) of the Federal Rules of Criminal Procedure provides that the rules and practice governing the preparation of the record on appeal in civil actions shall apply to the record on appeal in all criminal proceedings, except as otherwise provided. Rule 75(n) of the Federal Rules of Civil Procedure establishes a means for preparing a record when no stenographic report of the evidence or proceedings at a hearing or trial was made. This is comparable to the old bill of exceptions procedure, and an appellant has always had a duty, and the burden, of seeing that a proper record is brought before the Appellate Court. There has been no attempt to bring the matter before this court in the prescribed manner or to show any reason why this could not be done.

Under these circumstances, it is my view that the appeal should be terminated

---

1. We note that, before oral argument, the court advised the jury as follows:

"At this time, as the Court previously indicated, we are to hear the arguments of Counsel making comments on the evidence and the probative effect of the evidence, and Counsel in the case have a right to make those comments so long as they are reasonably supported by the state of the evidence. That is to say, if there is any evidence to reasonably back up what Counsel is commenting and arguing, then they are entitled to have the jury consider all such reasonable arguments. If, however, there should turn out to be a conflict between Counsel's recollection and the jury's recollection as to what the facts are as established by the evidence, it is for the jury to find the facts."

Also, in the course of its instructions, the court told the jury:

"Statements, if any, by Counsel or the Court, unsupported by your own recollections of the evidence, you will disregard. Likewise, you will disregard all statements made by Counsel and the Court to each other during the trial.

"In your deliberations and in reaching a verdict you should act only upon the evidence which has been admitted and the law as it has been given to you by the Court."

No exception was taken to the charge by defendant's counsel.

now, and that there is no point in remanding the matter for the purpose of trying to discover prejudicial error when it is presumed in the absence of an affirmative showing that no such error exists.