**Herman J. HEIDRICH, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 23081.**

United States Court of Appeals
Fifth Circuit.

Nov. 14, 1966.

Rehearing Denied March 21, 1967.

James L. Guilmartin, Stanley Jay Bartel, Joe N. Unger, Miami, Fla., for appellant.

Michael J. Osman, Asst. U. S. Atty., Miami, Fla., Mitchell Rogovin, Asst. Atty. Gen., Dept. of Justice, Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., Tampa, Fla., William A. Meadows, Jr., U. S. Atty., for appellee.

Before WISDOM, BELL and GODBOLD, Circuit Judges.

PER CURIAM:

The defendant-appellant, Herman J. Heidrich, was convicted of tax evasion under 26 U.S.C.A. §§ 7201 and 7206(1), fined $15,000, and sentenced to imprisonment for ninety days to be followed by probation for nine months. He moved to suspend execution of the confinement part of the sentence on the ground that his wife would suffer a fatal heart attack if he were sent to prison. Heidrich supported this motion with two medical reports on the state of his wife's health.

The court below denied the motion to suspend the sentence of confinement, but reduced the confinement from ninety to sixty days.

We hold that the court did not abuse its discretion by sentencing Heidrich to sixty days. Under the statute, the court had authority to sentence the defendant to five years in prison. The record clearly shows that the court considered the health of the defendant's wife. The record fails to support the appellant's contention that the court, disregarding its discretionary powers under the probation statute, 18 U.S.C.A. § 3651, adhered inflexibly to an alleged policy of automatically imposing imprisonment upon those guilty of tax evasion.

The judgment of the lower court is

Affirmed.

### On Petition for Rehearing

The record in this case shows that the Court conducted a probation hearing and granted probation to the co-defendant, Feurbacher, without actual imprisonment. The other defendants, including Heidrich, received split sentences —probation and imprisonment. In these circumstances it is apparent that the district court did not consider that the policy of requiring jail time for all defendants convicted of income tax evasion was an inflexible rule having the effect, as suggested in the dissent, of amending 18 U.S.C. § 3651. It is ordered that the petition for rehearing filed in the above entitled and numbered cause is hereby denied.

GODBOLD, Circuit Judge (dissenting):

I am mindful that the application for rehearing is another of many efforts to avoid serving a short confinement for income tax evasion. The fact remains that it should be granted.

As part of the record on appeal the parties stipulated to a narrative account of proceedings at which the trial court heard a motion of the defendant for suspension of the confinement portion of his sentence, stating a transcript thereof is unavailable. The stipulation [1] raises a question of law.

If there existed a policy of giving jail time to all income tax violators, removing or limiting the discretion of the court to grant probation, a sentence given pursuant thereto is invalid on proper attack. A defendant is entitled to be sentenced in accordance with the applicable statutes, including the probation statute, 18 U.S.C.A. § 3651. The sentencing court is granted a high degree of flexibility, and probation is, of course, a privilege and not a right. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266 (1932). The decision of the district court will not be disturbed except for abuse of discretion, Mann v. United States, 218 F.2d 936 (4th Cir., 1955), Dodd v. United States, 213 F.2d 854 (10th Cir., 1954). Nevertheless the flexibility and discretion granted the sentencing court are to enable it to consider each case on its merits: "It is necessary to individualize each case, to give that careful, humane, and comprehensive consideration to the particular situation of each offender which could be possible only in the exercise of a broad discretion. The provisions of the [Probation] Act are adopted to this end." Burns v. United States, supra, 287 U.S. at 220, 53 S.Ct. at 155.

The courts have no power to amend § 3651. Unless an offender is ineligible for probation under the terms of that

---

1. "7. The Court, while acknowledging the bona fides and good faith of the defendant, and the mitigating circumstances present in the case, refused to suspend execution of the jail portion of the defendant's sentence, indicating that, for some time, the judges of the Southern District of Florida had strictly adhered to a requirement of jail time for all defendants convicted of income tax evasion, as a deterrent to others. The court indicated that it would, because of the unusual circumstances of the case, delay the commencement of service of the defendant's sentence until August 30, 1965. It would not, however, entirely suspend and leave the defendant with fine and probation alone."

section or some other statute the court must consider on the merits of the specific situation whether, in the words of the statute, "the ends of justice and the best interest of the public as well as the defendant" will be served by placing him on probation.[2]

If it is true, as defendant claims, that the District Court by policy has added to § 3651 an additional category of offenders not eligible for probation, the situation would call for exercise of our supervisory power.[3]

I doubt that the majority disagree with any of the above requirements and policies of sentencing. Presumably they feel the policy as described in the stipulation is not of such inflexibility as to be improper.[4] Whether we believe such a policy does or does not exist is immaterial so long as the stipulation indicates it does.

It is stated in brief and oral argument that the co-defendant was given probation, proving the alleged policy did not exist. This does not appear of record, nor do we know who sentenced the co-defendant, hence this would not settle the issue of possible prejudice to this defendant—if the policy existed, and was applied to this defendant, the sentence was illegal; if the policy did not exist but the judge who sentenced this defendant thought it did, and applied it, the sentence was illegal. The invalidity would exist whether the alleged policy was applied from understanding or misunderstanding.

Failure to show "inflexible adherence" to a policy of confinement, referred to in our original opinion, does not solve the issue. If there was a policy which partially deprived the judge (or which he though partially deprived him) of his statutory discretion concerning confinement, it would be illegal, just as one which totally stripped him of discretion.

The case should be remanded for resentencing, with instructions that no consideration be given to any policy, *if there be such*, limiting the discretion given by law to the sentencing judge. This the defendant is entitled to; it would be a far more satisfactory procedure than remanding for a factual hearing on what was or was not said at the proceeding covered by the stipulation.[5]

2. The deterrent effect of a jail sentence is sometimes given great weight in income tax cases. See Wright, Sentencing the Income Tax Violator: Statement of Basic Problem, 30 F.R.D. 302 (Fifth Circuit Sentencing Institute, 1961). But emphasizing deterrent effect of jail sentences in tax cases is different from eliminating tax violators from consideration for probation. See Miller, Sentencing the Income Tax Violator: Violations Not Related to Other Crimes, 30 F.R.D. 310, 314 (Fifth Circuit Sentencing Institute, 1961): "In [the income tax offender] field, as in all others, the case must be considered ad hoc. There should be no tailor-made sentences or rules of thumb. The sentence should not in any manner be predetermined by an arbitrary standard or formula."

3. Thomas v. United States, 368 F.2d 941 (5th Cir., 1966).

4. On appeal the defendant rested without objection on the stipulation in lieu of a transcript. On application for rehearing he claims for the first time that failure of the court reporter to record the proceedings prejudiced him because it would have shown an unqualified statement that the alleged policy did exist. There is no prejudice in this regard, for that is precisely what the stipulation says; the defendant does not suffer because of the form in which the statement referring to the policy comes to us. A record should have been taken. 28 U.S.C.A. § 753 (b); Cf. United States v. Taylor, 303 F.2d 165 (4th Cir., 1962). Mere failure to transcribe a record is not reversible error per se, e. g., Burns v. United States, 323 F.2d 269 (5th Cir., 1963); Addison v. United States, 317 F.2d 808 (5th Cir., 1963), but where it appears likely that some error did occur and the absence of a transcript prevents the reviewing court from determining whether any such error was prejudicial, relief has been granted. Fowler v. United States, 310 F.2d 66 (5th Cir., 1962); Stephens v. United States, 289 F.2d 308 (5th Cir., 1961).

5. Cf. Fowler v. United States, 310 F.2d 66, (5th Cir., 1962); Stephens v. United States, 289 F.2d 308 (5th Cir., 1961).