**UNITED STATES of America,**
**Appellee,**

v.

**John G. MURRAY, Appellant.**

**No. 9958.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1965.

Decided Oct. 25, 1965.

John G. Murray, pro se.

Arthur G. Murphy, Asst. U. S. Atty. (Thomas J. Kenney, U. S. Atty., on brief), for appellee.

Before SOBELOFF, BRYAN and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

This case, if not unique, is certainly a rara avis in the annals of federal appellate courts. It is an appeal from a fine of $50.00 for a parking violation on government property.

Appellant is a Civil Service employee at the Bureau of Old Age and Survivor Insurance [BOASI] Building at Woodlawn, Maryland. In August of 1964 his car was ticketed for being parked outside the white lines delineating assigned parking places. Murray appeared before a United States Commissioner authorized

by 18 U.S.C.A. § 3401[1] to try such offenses, and pursuant to the right granted under section 3401(b) Murray and two other defendants elected to have their cases tried in the United States District Court for the District of Maryland. Appellant was represented by counsel before and during the trial. A jury trial was waived, and counsel for both sides agreed to waive stenographic recordation of the proceedings. Murray and his codefendants were found guilty as charged and the court imposed the maximum permissible fine.

On appeal, discussion in the briefs and oral arguments took a wide range. The only point calling for any extended treatment is whether the defendant violated a valid regulation. It is true that in the Information the United States Attorney cited, among other sections of the law, 44 C.F.R. § 100.52(c) (1960).[2] The United States Attorney concedes that these provisions were revoked after the alleged offense and before the filing of the Information. See 44 C.F.R. 60 (1965 Supp.). On this ground the appellant argues that the prosecution was abated, but the Government answers that 1 U.S.C.A. § 109 (1958), the general saving clause, preserves this prosecution. We find it unnecessary to decide between the respective contentions as to abatement, for there was and still is a valid subsisting regulation covering the act specified in the Information.

■ The General Services Administration was and is authorized to promulgate parking regulations for any area under its control. 40 U.S.C.A. § 318a.[3] Pursuant to this authority the General Services Administration in 1956 issued general regulations dealing with the operation of motor vehicles in or on government property, and these were published in the Federal Register and the Code of Federal Regulations.[4] They were supplemented by specific parking regulations applicable only to the grounds

1. "§ 3401 * * * (a) Any United States commissioner specially designated for that purpose by the court by which he was appointed has jurisdiction to try and sentence persons committing petty offenses in any place over which the * * * United States has concurrent jurisdiction, and within the judicial district for which such commissioner was appointed.

"(b) Any person charged with such petty offense may elect, however, to be tried in the district court of the United States. The commissioner shall apprise the defendant of his right to make such election and shall not proceed to try the case unless the defendant after being so apprised, signs a written consent to be tried before the commissioner."

2. § 100.52(c):
"Vehicles shall be parked well inside the marked parking spaces. Parking of vehicles in such a manner as to block or partially block lanes is prohibited."

3. "The Administrator of General Services or officials of the General Services Administration duly authorized by him are authorized to make all needful rules and regulations for the government of the Federal property under their charge and control, and to annex to such rules and regulations such reasonable penalties, within the limits prescribed in section 318c of this title, as will insure their enforcement: *Provided*, That such rules and regulations shall be posted and kept posted in a conspicuous place on such Federal property."

4. 44 C.F.R. §§ 100.1 through 100.13 (1960). Specifically, § 100.11 provided:
"100.11 Vehicular and pedestrian traffic.
(a) Drivers of all vehicles in or on property shall drive in a careful and safe manner at all times and shall comply with the signals and directions of guards and all posted traffic signs; * * * (c) except in emergencies, parking in or on property is not allowed without a permit. Parking without authority, parking in unauthorized locations or in locations reserved for other persons or continuously in excess of 18 hours without permission, or contrary to the direction of posted signs is prohibited. This section may be supplemented from time to time with the approval of the Administrator by the issuance and posting of specific traffic directives as may be required and *when so issued and posted such directives shall have the same force and effect as if made a part hereof.*" (Emphasis added.)
These general provisions were renumbered in the December, 1964, recodification of C.F.R., and now appear as 41 C.F.R. §§ 101–19.300 through 101–19.313 (1965).

adjacent to the Social Security Building in Woodlawn, Maryland. These specific regulations, posted at Woodlawn as required by section 318a, provided:

> "Vehicles shall be parked well inside marked parking spaces. Parking vehicles in such a manner as to block or partially block lanes is prohibited."

We deem the marking of a parking space the equivalent of the posting of a sign under section 318a. No further publication was necessary. There is no contention that the marking was obscure or that the appellant did not have actual notice.

 The appellant challenges the sufficiency of the evidence to support some of the District Judge's findings of fact as set forth in his opinion. The Judge's certificate stated that because the Government and the defendant's attorney had agreed that the testimony was not to be recorded, the District Judge at the end of the trial dictated a statement of his findings of fact and conclusions of law. This statement was included in the record, and no other account of the proceedings was tendered. The defendant contends that he was unaware of and is not bound by his attorney's agreement to waive the recording of the proceedings, arguing that the Court Reporter Act contemplates such waiver only in civil cases, not criminal.[5] But we think that in a case involving a mere parking violation where the defendant is represented by an attorney who agrees with the United States Attorney that the testimony need not be recorded, the infraction is as slight as the law ever notices and hardly can be said to rise to the gravity of a "crime" within the spirit of the Court Reporter Act.[6]

We have considered numerous other matters urged by the appellant, but find them without merit.

The extraordinary exertions of the defendant in pressing his appeal in this petty matter were occasioned, he says, by the fear of adverse consequences on his eligibility for promotion. We cannot believe that such a trifling breach of a parking regulation will be permitted by any fair minded administrator to affect his judgment of a meritorious employee.

Affirmed.

---

5. 28 U.S.C.A. § 753 (1958):
"(b) One of the reporters * * * shall record verbatim by shorthand or by mechanical means: (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall specifically agree to the contrary * * *."

6. In none of the cases cited by appellant, where the requirements of the Court Reporter Act were said to be "mandatory," was there any agreement to waive the provisions. See Washington v. United States, 327 F.2d 793 (1st Cir. 1964); Parrott v. United States, 314 F.2d 46 (10th Cir. 1963); Fowler v. United States, 310 F.2d 66 (5th Cir. 1962); Stephens v. United States, 289 F.2d 308 (5th Cir. 1961).