**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Stanley Jerry PIASCIK,
Defendant-Appellant.**

**No. 76–3028.**

United States Court of Appeals,
Ninth Circuit.

Aug. 18, 1977.

Rehearing Denied Sept. 22, 1977.

Alan L. Froelich, Seattle, Wash., Ephraim Margolin, San Francisco, Cal., argued for defendant-appellant.

Peter Mair, Asst. U. S. Atty., Seattle, Wash., argued for plaintiff-appellee.

Before MERRILL and GOODWIN, Circuit Judges, and HOFFMAN *, District Judge.

HOFFMAN, District Judge:

The principal issue on the appeal from the judgment following appellant's conviction by a jury on a three-count indictment charging (1) the entry of imported merchandise into this country by means of false statements, 18 U.S.C. § 542; (2) smuggling, 18 U.S.C. § 545; and (3) transporting in interstate or foreign commerce a stolen motor vehicle, 18 U.S.C. § 2312, pertains to the action of the trial court in allowing the waiver [1] of the reporting of the closing ar-

---

* The Honorable Walter E. Hoffman, United States Senior District Judge, Eastern District of Virginia, sitting by designation.

1. Appellant procured new counsel following his conviction and sentence. The error is assigned by new counsel.

guments of counsel allegedly in violation of 28 U.S.C. § 753(b)[2].

When the evidence was concluded, and apparently in the presence of the jury[3], the following colloquy took place.

"THE COURT: . . .

Now, Mr. Mair and Mr. Froelich, do you both agree to waive the reporting of your closing statements?

MR. FROELICH: The defense does.

MR. MAIR: I do.

THE COURT: Very well."

When the appeal was first noted the third issue presented was "whether the misconduct of the United States Attorney in closing argument requires reversal." An order was then entered directing that the closing arguments be transcribed. We were thereafter advised that the recording of the arguments had been waived by both counsel.

No effort was made by appellant's counsel to comply with Rule 10(c), Federal Rules of Appellate Procedure[4] which obviously indicates that situations may arise where a transcript is unavailable. As a matter of custom and practice, unless requested by counsel for one of the parties, the record on appeal does not include such matters as the *voir dire* examination of jurors, and the opening and closing statements of counsel. In this case appellant's new counsel probably assumed that the closing arguments were recorded, but later ascertained that such was not the case.

In *Brown v. United States*, 314 F.2d 293 (9 Cir. 1963), Judge (now Chief Judge) Browning had occasion to consider the fail-ure of the court reporter to record the closing arguments of counsel where no suggestion of prejudicial error was presented. His conclusion was—

The appropriate procedure is to vacate the judgment and remand for a hearing to determine whether appellant was prejudiced by the error in failing to record the arguments. If the trial court concludes that he was, a new trial may be ordered. If the court concludes that he was not, a new final judgment may be entered.

Without a Rule 10(c) hearing in an effort to reconstruct the record as to the closing arguments, we are left with appellant's contention as to the alleged error. Appellant states that the prosecutor referred to a report of a handwriting expert which was not introduced in evidence either through the testimony of the expert or otherwise (the report was apparently inconclusive) and, upon objection, the court sustained the objection without a cautionary instruction, the latter apparently not having been requested. Appellant further urges that the misconduct of the prosecutor was so flagrant that a new trial is mandated. On the other hand, the Government argues that the recording of the closing arguments was waived and, additionally, appellant's trial counsel opened the door to comment on the authenticity of the many documents introduced in evidence. There is a dispute as to whether a mistrial was requested.

The requirements of 28 U.S.C. § 753(b) are mandatory according to several

2. Section 753(b) of Title 28, U.S.C., provides in pertinent part:

"One of the reporters appointed for each such [district] court . . . shall record . . . verbatim . . . (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary . . . ."

3. At argument before this Court inquiry was made whether the jury was present when the district judge suggested a waiver of the recording of closing arguments. Appellant's counsel stated that the jury was not present. The supplemental transcript indicates to the contrary.

4. Rule 10(c), Federal Rules of Appellate Procedure, states:

"If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval and as settled and approved shall be included by the clerk of the district court in the record on appeal."

circuits and, we believe, from a fair reading of *Brown v. United States, supra,* they are mandatory in this circuit. We do not suggest that every word spoken during a criminal trial must be recorded as, for example, during a bench conference where neither party requests that the conference be recorded. We note, also, that the statute refers to proceedings "in open court" which probably excludes the pre-charge discussions of court and counsel when in chambers. However, it seems clear that, irrespective of the local practice or rule, the opening and closing arguments of counsel are manifestly a part of the proceedings in a criminal case.

Under some authorities the failure to record closing arguments compels a reversal and new trial. *Fowler v. United States,* 310 F.2d 66 (5 Cir. 1962) (argument to jury); *Stephens v. United States,* 289 F.2d 308 (5 Cir. 1961) (*voir dire* and arguments to jury); *Parrott v. United States,* 314 F.2d 46 (10 Cir. 1963) (*voir dire* examination not recorded and trial judge mentioned that three other charges of bank robbery were pending against defendant). However, the Fifth Circuit may have modified its *Stephens* and *Fowler* reversal rule in *United States v. Upshaw,* 448 F.2d 1218, 1224 (5 Cir. 1971), saying:

> It seems to us that the court must be able to say affirmatively that no substantial rights of the appellant were adversely affected by the omissions from the transcript; that is, it must exclude the possibility of any error other than harmless error.

The provisions of 28 U.S.C. § 753(b) have remained in effect since its enactment on January 20, 1944. More than 30 years ago it was common practice to eliminate the recording of the *voir dire,* as well as the opening statements and closing arguments. The legislative history on the subject is scanty, but in House Report No. 868, House Committee on the Judiciary, November 16, 1943, it is said, in explaining the duties of

the court reporter: "The reporter shall be required to transcribe the original records of the *requested* parts of the proceedings, upon the request of any party to any proceedings *so recorded,* or upon the request of a judge of the court." (Emphasis supplied).

■ In light of past practices, the legislative history and Rule 10(c), Federal Rules of Appellate Procedure, we think it clear that the procedure followed by this circuit in *Brown v. United States, supra,* is proper, rather than adopt a *per se* rule of reversal.[5]

None of the authorities heretofore discussed involve any question of waiver.

### The Waiver Issue

The Government draws a comparison between the waiver in this case with the waiver of a trial by jury under the Sixth Amendment. The analogy is inapposite. Under the Sixth Amendment there is no express reference to a waiver. It merely states that "the accused shall enjoy the right" to a trial by jury. The Constitution does not mandate a jury trial. *Adams v. U. S. ex rel. McCann,* 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942). Clearly, the "right" to a jury trial may be waived if the waiver is voluntary and knowledgeable.

In *United States v. Murray,* 352 F.2d 397 (4 Cir. 1965), defendant's counsel, assertedly without knowledge of defendant, agreed that the testimony need not be recorded in a nonjury case tried in the district court involving a parking violation on Government property where the maximum fine was $50.00. In considering the waiver of the requirements of the Court Reporter Act, 28 U.S.C. § 753(b), the court said:

> But we think that in a case involving a mere parking violation where the defendant is represented by an attorney who agrees with the United States Attorney that the testimony need not be recorded, the infraction is as slight as the law ever notices and hardly can be said to rise to

---

5. There is a line of cases holding that a statutory requirement may be considered directory and not mandatory, *Holbrook v. United States,* 284 F.2d 747 (9 Cir. 1960), but we have avoided

this point as substantially all authorities relating to recording proceedings in criminal cases have held that the statute, 28 U.S.C. § 753(b), is mandatory.

the gravity of a "crime" within the spirit of the Court Reporter Act.

Footnote 6 in *Murray, supra,* pointedly suggests that in none of the cases cited where the requirements of the Court Reporter Act were said to be "mandatory" was there any agreement to waive the provisions.

Our research has, however, disclosed at least one instance of waiver of recording in criminal cases. In *Addison v. United States,* 317 F.2d 808 (5 Cir. 1963), *cert. denied,* 376 U.S. 905, 84 S.Ct. 658, 11 L.Ed.2d 605, Chief Judge Tuttle, writing for the court, had this to say: [6]

We now repeat what we stated in the Strauss opinion [*Strauss v. United States,* 311 F.2d 926 (5 Cir. 1963)]—There is no excuse for a court reporter's failure to comply with the requirements of the statute, *unless the party waives the requirement.* (Emphasis supplied).

Appellant's retained counsel—not having been retained trial counsel—urges the necessity of the complete transcript, including final arguments, for the reasons stated in *Hardy v. United States,* 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964). Reliance upon *Hardy* is misplaced. That involved an indigent defendant and equality of justice was at issue.[7] Even Mr. Justice Douglas, writing for the court, did not suggest that every transcript on appeal should contain the *voir dire* selection, opening statements and closing arguments of counsel. Indeed, he seemed to limit the transcript by saying:

We conclude that this counsel's [newly appointed counsel on appeal] duty cannot be discharged unless he has a transcript of the testimony and evidence presented by the defendant and also the court's charge to the jury as well as the testimony and evidence presented by the prosecution.

It is our view that, as a general rule, errors and irregularities that are not jurisdictional can be waived in criminal cases. The fact that 28 U.S.C. § 753(b) is mandatory does not create a jurisdictional question when the court reporter fails to record certain proceedings. While the public has an interest in the life and liberty of a person charged with crime, the primary purpose of the statute at issue was to confer private rights on the parties to protect the record in the event of an appeal. Nor do we think that this is the type waiver which requires the personal consent of the defendant. It was a procedure in the regular course of a trial which defendant's counsel was charged with the responsibility of deciding. It is somewhat analogous to a situation in which the prosecution presents clearly inadmissible testimony to which defendant does not object, for tactical reasons or otherwise. Indeed, in the present case defendant's trial counsel may have felt that he would have more leeway in his closing argument if it was not recorded. The fact that the prosecution may have taken advantage of the opportunity, while reprehensible, did not alter the fact that the recording of the closing arguments could be legally waived by counsel.

There are many other rights granted to defendants in criminal cases, some of which are worded in the form of "rights" and others by the language of the Constitution, statute or Federal Rules of Criminal Procedure without reference to "rights." Among these rights or provisions are the right of counsel, the privilege of immunity from self-incrimination, the right to a preliminary hearing or examination, an indictment by a grand jury, the right to a public trial, the right to service of a copy of the indict-

**6.** In *Addison,* appellant criticized the failure of the court reporter to record the oral arguments of counsel. The trial court granted the Government's motion to supplement the record. At the hearing it developed that counsel had told the court reporter that they did not wish to have him report the oral arguments.

**7.** See the concurring opinion of Mr. Justice Goldberg who stated: "I conclude, therefore, that the interests of equal justice and the viability of our adversary system are impaired when an indigent defendant's access to a trial transcript is not as complete as that of a paying defendant." In the present case the appellant had retained counsel on the trial and appellate level.

ment or information upon the accused, the right to be arraigned, the right to time to prepare for trial, the right to be tried in the district in which the offense was commit-' ted, the right to challenge a juror for disqualification, the right to a full number of jurors, the right to be confronted by witnesses and have them examined, the right to poll the jury, the guaranty against double jeopardy, the guaranty against delay in the imposition of sentence, and, until the passage of the Speedy Trial Act of 1974 (under certain conditions), the right to a speedy trial. These, and a panoply of other rights conferred by the Constitution, the statutes, and the Federal Rules of Criminal Procedure, have been declared waivable, although in some instances the personal signature or express statement of the defendant is required.

The appellant was, of course, present at the time his trial counsel waived the recording of the final arguments. He made no objection at that time.

■ We hold that the action of appellant's trial counsel constituted a waiver by defendant of the mandatory provisions of 28 U.S.C. § 753(b).[8]

### Harmless Error

While we would ordinarily direct that this case be remanded for compliance with Rule 10(c), Federal Rules of Appellate Procedure, in accordance with *Brown v. United States, supra,* the fact that appellant waived the requirements of 28 U.S.C. § 753(b) makes it unnecessary to take this

action. This is precisely what happened in *Addison v. United States, supra,* where the case was remanded and it developed that counsel had advised the court reporter that it was unnecessary to report the oral arguments. In the present case, the record adequately demonstrates that counsel waived the recording of closing arguments.

■ If we accept appellant's contention as to the statement made by the prosecutor during closing argument, we nevertheless believe that it was harmless error which, upon objection, was promptly sustained. The fact that no cautionary instruction was given or requested is not of significance. In the light of no request for a cautionary instruction we cannot expect a court, under ordinary circumstances, to interrupt the argument of counsel and act on its own motion. Moreover, the giving of a cautionary instruction frequently unduly emphasizes the objectionable argument.

### Supervisory Powers

■ The final result in this case does not reflect any approval of the trial judge's action in suggesting to counsel that they waive the recording of closing arguments.[9] In the exercise of our supervisory powers, we suggest that court reporters be required to record (but not transcribe unless requested for appellate purposes) the *voir dire* examination of jurors, the opening statements of counsel, and the closing arguments, as well as any bench conferences when requested by the court or counsel. These matters are as much a part of the proceed-

---

8. In *United States v. Sigal,* 341 F.2d 837 (3 Cir. 1965), an implied waiver by the conduct of counsel was upheld where there was no recording of the *voir dire* examination of jurors which was attended by the defendants and their counsel (Biggs, C. J., dissenting).

9. Probably what prompted the district judge to request the waiver is due to the procedure in the Western District of Washington where the court's charge to the jury precedes the final argument of counsel. The district judge, realizing that the court reporter was overloaded with work, probably wished to make more time available to him for other duties. Despite this effort of cooperation, we condemn the procedure. Had the charge followed the arguments

of counsel, the court reporter would probably have had occasion to record the arguments. Rule 29.1, Federal Rules of Criminal Procedure, provides: "After the closing of evidence the prosecution shall open the argument. The defense shall be permitted to reply. The prosecution shall then be permitted to reply in rebuttal." While there is no other statute or rule specifying the sequence of closing arguments and the court's charge to the jury, essentially all other districts follow the procedure of first permitting the closing arguments to be followed by the charge to the jury. This also permits the court to correct any obvious errors in the closing arguments.

ings in criminal cases as are the testimony of witnesses, the rulings of the court, the motions and objections of counsel, etc. In short, anything that transpires in *open court*, with the possible exception of the reading of a deposition, should be recorded by the reporter. Local practice cannot alter the statute.

### Other Errors Assigned

■ 1. Appellant urges that the *voir dire* examination was wholly inadequate. Initially, it should be noted that counsel are provided with a list of the prospective jurors which gives their names; places of residence; age; marital status; education; present and former occupations and names of employers; same information as to spouse; prior court experience as a juror or litigant; and whether the juror or close relative has ever worked for a law enforcement agency. Assuredly, there was no reason for the court, on its own motion, to repeat questions along these lines. The court read the indictment to the veniremen; counsel for each party were introduced, as well as the defendant, to ascertain whether any juror knew them; inquired as to their knowledge of the case; whether any juror harbored any bias for or against government agents as witnesses or any bias because of the nature of the charge; the probable length of the trial; and individually inquired as to those jurors related to law enforcement work.

At the conclusion of the court's *voir dire* examination, counsel were asked if either had any additional questions. Appellant's trial counsel replied "I have none." In all respects the court complied with Rule 24(a), Federal Rules of Criminal Procedure.

The assigned error is frivolous and does not merit further discussion. Nor is there any merit to the contention that the failure of trial counsel to probe further by directing additional questions for the court to propound even begin to suggest the denial of effective assistance of counsel. It was Monday-morning quarterbacking at best.

■ 2. As to Count II, the appellant contends that the Court's instruction failed to properly define the word "acquire" with respect to the violation of 18 U.S.C. § 542. In short, appellant argues that he did not "acquire" the Mercedes automobile in Canada, in the sense that *title* to the vehicle was not taken by him in that country. The indictment (Count II) does not use the word "acquire", but charges the appellant with making a false statement that "he was not *bringing* any merchandise with him into the United States from Canada."

There was no requested instruction on this point; nor was there any objection to the charge as given. Under no circumstances can this be regarded as plain error and, in the absence thereof, the appellate court cannot consider same. Moreover, appellant was given concurrent sentences on Counts I and II.

■ 3. Appellant suggests that Counts I (smuggling, 18 U.S.C. § 545) and II (the entry of imported merchandise into this country by means of false statements, 18 U.S.C. § 542) are the same. We think that there is no need to consider this matter further. As to Count I (smuggling), there need be no proof of any false statement or that the defendant knew the statement was false, which were essential elements for a conviction under Count II. The fact that a single act or transaction occurs is not material where different proof is required for each offense. *United States v. Beacon Brass Co.*, 344 U.S. 43, 45, 73 S.Ct. 77, 97 L.Ed. 61 (1952).

Viewing the record as a whole, we feel that the appellant had a fair trial and was represented by competent trial counsel. Let the mandate issue forthwith.

AFFIRMED.