UNITED STATES of America,
Plaintiff-Appellee,

v.

Lelan E. HEIN, Defendant-Appellant.

No. 83–1166.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 1985

Decided Aug. 22, 1985.

Michael Chun, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Richard B. Deutsch, Denver, Colo., for defendant-appellant.

Before FERGUSON, NORRIS and WIGGINS, Circuit Judges.

PER CURIAM:

The defendant appeals from his conviction on one count of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). In this opinion we address only one of the contentions raised by the defendant; the remaining arguments raised by the defendant are addressed in an unpublished memorandum disposition filed concurrently with this opinion. The issue we confront in this opinion is whether the Court Reporter's Act, 28 U.S.C. § 753(b), requires the mandatory recordation of a pretrial chambers conference. We answer in the negative and affirm the defendant's conviction.

I.

The defendant argues that the prosecutor violated a pretrial agreement between defense counsel and the prosecution regarding the exclusion of testimony by three witnesses. The pretrial conference was held in the district court's chambers as an informal pretrial conference as permitted by the local rules of the district court. This conference was not recorded by the district court. The record does not reveal that the defendant made any request for the recordation of this chambers conference. Nonetheless, the defendant argues that the Court Reporter's Act, 28 U.S.C. § 753(b), requires that all pretrial chambers conferences be recorded. Of course, the construction of the Act involves a legal question over which we exercise de novo review. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, —— U.S. ——, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

II.

Because the conference was not recorded, we cannot know what transpired therein. The defendant contends that the district court approved an agreement between trial counsel about excluding the testimony of some witnesses. The defendant also contends that this agreement was violated by the prosecutor during the trial. In response, the prosecution argues that even if there was a violation of a pretrial agreement not to call certain witnesses, the defendant failed to object to their testimony and thus waived any claim of error.

The Court Reporters Act, 28 U.S.C. § 753(b), states:

Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded. . . .

Proceedings to be recorded under this section include (1) all proceedings in criminal cases *had in open court* . . . (3) such other proceedings as a judge of the court may direct or . . . as may be requested by any party to the proceeding.

28 U.S.C. § 753(b) (emphasis added). Thus, the pertinent issue is whether this pretrial chambers conference is a proceeding "had in open court."

Although no Ninth Circuit precedent is directly on point, dicta from two prior cases indicate that conferences held in chambers are not within section 753(b). *See United States v. Mills*, 597 F.2d 693, 698 (9th Cir. 1979) (failure to record chambers conference regarding plea bargain "not asserted as error and clearly did not violate the statute"); *United States v. Piascik*, 559 F.2d 545, 548 (9th Cir.1977) (pre-charge chambers discussions not within § 753(b)), *cert. denied* 434 U.S. 1062, 98 S.Ct. 1235, 55 L.Ed.2d 762 (1978).

A literal reading of section 753 suggests that because the pretrial conference took place in chambers, not in court, recordation was not mandatory. The section gives some discretion to district courts over the recordation of matters not held "in open court." Moreover, the statute entitles

"any party to the proceeding" the right to recordation upon request. While to some extent the statute contemplates that district courts enjoy a measure of discretion in the handling of chambers conferences, counsel can protect the record by (a) obtaining stipulations or submitting proposed orders for pretrial conference agreements, or (b) requesting that pretrial chambers conferences be recorded.

In conclusion, the pretrial chambers conference does not fit within the "open court" recording requirements of section 753, and the district court did not abuse its discretion under the Act in failing to record the conference when there was no request that it be recorded. Accordingly, we AFFIRM.