990 F.2d 1263
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Dale LLOYD, Defendant-Appellant.
 No. 91-50362.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 1, 1993.
Decided March 29, 1993.
 
 Before D.W. NELSON, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Dale Lloyd appeals his conviction for conspiracy to possess with intent to distribute and distribution of in excess of 500 grams of cocaine in violation of 21 U.S.C. § 846, possession of approximately one kilogram of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), and the distribution of approximately one kilogram of cocaine in violation of 21 U.S.C. § 841(a)(1).
 
 
 3
 Whether There Was a Failure to Comply With the Court Reporter's Act, 28 U.S.C. § 753(b)
 
 
 4
 Lloyd claims that he "may have been" prejudiced by a violation of the Court Reporter's Act, 28 U.S.C. § 753(b), because the conference regarding jury instructions was held off the record in chambers. Lloyd contends that without a record, "[i]t is not clear whether Mr. Lloyd's trial counsel properly objected to the jury instructions," Opening Brief at 29, and therefore, he argues that we cannot know what standard of review to apply.
 
 
 5
 Where there is no objection to the instructions, our review is for plain error. See United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991) ("Where no objection was raised to a jury instruction at trial, reversal would be warranted only for plain error which resulted in substantial prejudice."). On the other hand, if there were objections, our review is for an abuse of discretion. United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992).
 
 
 6
 No dilemma is posed by the standard of review. We have discussed the application of the Court Reporter's Act to the pre-charge discussions of court and counsel in chambers. We said: "[T]he [Act] refers to proceedings 'in open court' which probably excludes the pre-charge discussions of court and counsel when in chambers." United States v. Piascik, 559 F.2d 545, 547-48 (9th Cir.1977), cert. denied, 434 U.S. 1062 (1978). In the case before us, where jury instructions are discussed in chambers, trial counsel has the responsibility to request that any objections be placed on the record. Cf. id. at 549 (counsel is charged with the responsibility of whether to waive the recording of closing argument). Moreover, we can infer that no objections were made off the record because no exceptions were taken after the instructions were read to the jury. Lloyd's trial counsel merely asked whether a particular instruction had been read. Excerpt of Record Vol. II at 254-55. Further, on appeal there has been no attempt to comply with Federal Rule of Appellate Procedure 10(c).
 
 
 7
 Lloyd cannot claim error for a failure to record the in-chambers discussion. In addition to the reasons already discussed, his approach would eliminate the requirement of a showing of prejudice. We will therefore review for plain error. Whether Any of the Instructions Were Plainly Erroneous
 
 
 8
 "Plain error is highly prejudicial error affecting substantial rights and is found only in exceptional circumstances." United States v. Harris, 738 F.2d 1068, 1072 (9th Cir.1984). Improper jury instructions rarely justify a plain error finding. United States v. Payseno, 782 F.2d 832, 834 (9th Cir.1986).
 
 
 9
 Lloyd objects to a number of the jury instructions: entrapment, false exculpatory statements, separate consideration as to the guilt or innocence of each defendant, witness credibility, the burden of proof, and the North instruction. See United States v. North, 746 F.2d 627, 630-31 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985). We have reviewed the alleged errors in the context of the entire instructions given to the jury. See United States v. Joetzki, 952 F.2d 1090, 1095 ("Our inquiry is whether the jury instructions as a whole are misleading or inadequate to guide the jury's deliberations."). There are no highly prejudicial errors affecting substantial rights here that would lead us to conclude there was plain error.
 
 Prior Testimony of the Deceased Informant
 
 10
 Lloyd asserts that it was error to refuse to admit the prior testimony of the informant, Edgington, who was deceased. That testimony consisted of statements Edgington made in another case at a preliminary hearing. Lloyd sought to use this testimony to impeach Edgington's credibility as part of an entrapment defense.
 
 
 11
 Edgington was deceased at the time of trial. He was not a witness. His statements from another case were not relevant to the issue of entrapment. Testimony that is not relevant to an issue before the court is properly excluded. See United States v. Manning, 509 F.2d 1230, 1234 (9th Cir.1974), cert. denied, 423 U.S. 824 (1975). The district court did not abuse its discretion in refusing to admit the testimony. See United States v. Catabran, 836 F.2d 453, 456 (9th Cir.1988).
 
 
 12
 Nor was Edgington's prior testimony admissible as a statement against penal interest pursuant to Federal Rule of Evidence 804(b)(3). Edgington testified in the other case pursuant to a plea and cooperation agreement. That agreement obligated Edgington to provide complete and truthful information, to answer all questions, and to not withhold information. The agreement also stated that nothing Edgington said or did could be used against him to bring new charges, except for a prosecution for perjury or false statements. Therefore, the statements Edgington made were not against his penal interest and were not admissible as an exception to the hearsay rule.
 
 Whether There Was Cumulative Error
 
 13
 Lloyd argues that the district court's errors were cumulative, thereby prejudicing him to such an extent that he should be granted a new trial. In view of our conclusion that there was no error, this argument has no merit.
 
 
 14
 Whether the District Court Properly Applied the Sentencing Guidelines
 
 
 15
 Lloyd maintains that the court improperly sentenced him to 121 months' imprisonment because the court considered the cocaine possessed by co-defendant Flockhart as relevant conduct. We review challenges to the proper interpretation and application of the Sentencing Guidelines de novo. United States v. Koenig, 952 F.2d 267, 271 (9th Cir.1991). "Findings of fact made in the course of applying the Guidelines ... are reviewed for clear error." Id.
 
 
 16
 Lloyd argues that the court, under section 1B1.3 of the Guidelines, improperly considered as relevant conduct the 4,955.2 grams of cocaine seized from Flockhart's house.
 
 
 17
 Lloyd was convicted of conspiring with Flockhart. Under the law regarding conspiracy, a conspirator is liable for the acts of his co-conspirators done in furtherance of the conspiracy. See United States v. Roselli, 432 F.2d 879, 894 (9th Cir.1970), cert. denied, 401 U.S. 924 (1971). Section 1B1.3 applies to "all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction." United States Sentencing Commission Guidelines Manual, § 1B1.3, at 1.18 (effective Nov. 1, 1989). Application Note No. 1 for the section states that "otherwise accountable" includes "conduct of others in furtherance of the execution of a jointly undertaken criminal activity that was reasonably foreseeable by the defendant."
 
 
 18
 Lloyd and Flockhart were involved in a joint venture to distribute kilograms of cocaine. Flockhart was Lloyd's supplier. On October 14, 1991, they distributed one kilogram of cocaine and planned to distribute two more. It was reasonably foreseeable that Flockhart would have at least five kilograms on hand to fill orders. Thus, it was not clear error to hold Lloyd responsible for the cocaine found at Flockhart's house.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3