87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William RUPERT, Plaintiff-Appellant,
v.
CITY OF SCOTTS VALLEY, a Municipal Corporation; Scotts
Valley City Police Department; Steve Walpole, Scotts Valley
City Police Chief; P.O. Bidleman; P.O. Brzozowski; P.O.
Guy Collins, Defendants-Appellees.
 No. 95-15848.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 14, 1996.
 
 Before: CANBY, JOHN T. NOONAN, JR., and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Rupert appeals pro se from the judgment against him following a jury verdict in his civil rights action against the City of Scotts Valley, Police Chief Steve Walpole, Sergeant Bidleman, Police Officer Brzozowski, and Police Officer Collins. Rupert contends the magistrate judge erred by (1) expanding the scope of the trial beyond the issues identified at the pretrial conference; (2) erroneously instructing the jury regarding the burden of proof and the issue of consent; (3) failing to put discussions between the parties regarding jury instructions on the record; (4) declining to clarify for the jury an interrogatory on the special verdict form; and (5) failing to strike improper statements made by defendants' trial counsel during closing argument. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We reject Rupert's contention that the magistrate judge erred by expanding the scope of the trial beyond the issue whether the police officers' actions compelled him to leave his home. Rupert alleged that the defendants violated his civil rights by arresting him in his home without a warrant. The defendants asserted immunity as one defense to the complaint. Thus, they were entitled to present evidence concerning whether they reasonably believed Rupert's cohabitant, Sheron Bennett, consented to their entry onto the premises because it would have vitiated their need for a warrant to arrest Rupert in his home.[1]
 
 
 4
 Rupert contends that the magistrate judge's formulation of two jury instructions was erroneous. We are precluded from reviewing these arguments because Rupert failed to object to the instructions. See Fed.R.Civ.P. 51; Hammer v. Gross, 932 F.2d 842, 847 (9th Cir.1991) (no plain error exception exists in civil cases in this circuit), cert. denied, 112 S.Ct. 582 (1992). We reject Rupert's claims that the record reflects his objections to the jury instructions. The magistrate judge asked the parties on the record whether they objected to any of the jury instructions and Rupert responded negatively. To the extent Rupert alleges that the magistrate judge erred by discussing the proposed jury instructions off the record, Rupert had the responsibility to request that any objections be placed on the record. See United States v. Piascik, 559 F.2d 545, 549 (9th Cir.1977), cert. denied, 434 U.S. 1062 (1978).
 
 
 5
 Rupert raises for the first time on appeal that the magistrate judge was biased. Upon review of the record, we find that there are insufficient facts to support this claim of judicial bias. See Litekey v. United States, 114 S.Ct. 1147, 1157 (1993).
 
 
 6
 We also reject Rupert's argument that the magistrate judge erred by refusing to redraft one of the questions on the special verdict form upon the jury's request. The special verdict requested the jury to answer the following question: "Were the defendant police officers' words and actions such that a reasonable person under the same circumstances would have felt coerced into leaving his residence and submitting to police authority?" During deliberations, the jury requested that the court clarify whether the coercion had to occur immediately or whether it could occur after a protracted period of time. The jury requested that the court "rewrite" the question. After discussing the matter with the parties, the court declined to rewrite the instruction and referred the jury to the instruction on arrest. Although the instruction does not discuss the timing of coercion, it properly informed the jury that it was required to judge coercion using an objective standard. Accordingly, the magistrate judge did not err in his response to the jury's request for clarification. We reject Rupert's contention that the instruction erroneously placed the burden of proof on him. Because this is a civil action, Rupert had the burden of showing that the defendants violated the Fourth Amendment by arresting him in his home without a warrant. See Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 624 (9th Cir.1988) (to state claim under 42 U.S.C. § 1983, plaintiff must demonstrate that defendants deprived him of a constitutional right).
 
 
 7
 Rupert also contends that the defense attorney made prejudicial comments during closing argument. Because Rupert did not object to defense counsel's statements at trial and request a ruling on such objections, he waived the right to raise the issue on appeal. See Fenton v. Freedman, 748 F.2d 1358, 1360 (9th Cir.1984) (failure to raise evidentiary challenge at trial constitutes waiver of issue on appeal).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Rupert's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, we reject Rupert's claim that introduction of evidence regarding Bennett's consent was prejudicial because it had never been identified as an issue in the case. Rupert himself identified Bennett's consent as one of the disputed factual issues in his pretrial statement filed approximately one month before the pretrial conference