NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2010
Decided July 23, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3332

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> JOSEPH BURTON, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 08 CR 1055-1 <br><br> John W. Darrah, <br> *Judge.* |

**O R D E R**

Joseph Burton was found guilty by a jury of possessing a gun after a felony conviction, 18 U.S.C. § 922(g)(1), and was sentenced as an Armed Career Criminal to 235 months' imprisonment, *id*. § 924(e)(1). He filed a notice of appeal, but his newly appointed lawyers have concluded that the case is frivolous and seek to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Burton has responded to counsel's motion, *see* CIR. R. 51(b), by asking for leave to proceed pro se and identifying the issues he proposes to raise. We

confine our review to the potential issues discussed in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002), and in Burton's response.

Burton was visiting a friend, Johnny Martinez, when the two started arguing while standing outside Martinez's apartment late at night. Burton left but returned moments later brandishing an Argentine-made handgun. A neighbor, John Figueroa, saw Burton with the gun and called 911. The police were dispatched and arrested Burton, a felon.

Before trial the district judge conducted a conference in chambers with no court reporter present. The judge principally addressed motions in limine and elected to withhold ruling on any disputed motion until trial. (We know what happened in chambers because appellate counsel filed a statement under Rule 10(c) of the Federal Rules of Appellate Procedure.)

At trial Figueroa testified that he was with his wife and two children in the their apartment when Burton and Martinez began arguing. Figueroa noted, after the district court had overruled Burton's relevance objections, that his children were under age two and that Martinez regularly drank alcohol on his stoop. During Figueroa's testimony the district court allowed the government to play the 911 tape; the court reasoned that the tape was admissible over Burton's hearsay objection as both a present sense impression and excited utterance. *See* FED. R. EVID. 803(1), (2). The court also allowed the defense to ask Figueroa if he had been smoking marijuana at the time of the incident. But the court stopped Burton from probing whether Figueroa had lied to prosecutors about his continuing use of marijuana since, according to government counsel, he never denied current use.

The government also called Dan Sammon and Carlos Meneses, the police officers who responded to the 911 call. Both testified that Burton fled when they approached, and while giving chase they saw him retrieve a gun from his shorts. Burton was followed to the attic of an apartment building where he was arrested. Sammon testified that he heard a thump-like sound in that building just before seeing another officer find Burton's gun on a stair landing. Meneses said that no one else ran from them that night. Burton's relevance objection to this comment was overruled. The district court also precluded Burton from impeaching Sammon with a police report written by a different officer.

After the parties rested, Burton asked the district court to instruct on mere presence as a defensive theory. The parties had stipulated that Figueroa told a government agent that after he called 911 he saw an unknown man ride up on a bicycle, talk to Burton for a few minutes, and then leave. Defense counsel asserted that the cyclist might have been the person brandishing the gun. The court refused to give the instruction on the ground that

there was no evidence supporting Burton's theory that someone other than him brandished the weapon.

In their *Anders* submission, counsel first examine whether Burton could argue that the district court erred in not creating a contemporaneous record of the chambers conference. Counsel assume that it was error to conduct the hearing without a court reporter present, but the Court Reporter Act, 28 U.S.C. § 753, requires that criminal proceedings be recorded only when conducted in open court. *See United States v. Hein*, 769 F.2d 609, 611 (9th Cir. 1985); *United States v. Murphy*, 768 F.2d 1518, 1536 (7th Cir. 1985); *United States v. Jenkins*, 442 F.2d 429, 438 (5th Cir. 1971). Implementing regulations issued by the Judicial Conference of the United States do not expand the reach of the statute, nor does the district court's management plan for court reporters. *See* 6 *Guide to Judiciary Policies and Procedures* (Court Reporting) (Feb. 2010); Official Court Reporters Management Plan (N.D. Ill. 2009). So the need for a court reporter is not apparent, but even if error occurred it would not lead to reversal unless the lack of a verbatim record hampers our ability to fairly evaluate the conduct and result of the chambers conference. *See United States v. Kelly*, 535 F.3d 1229, 1240-43 (10th Cir. 2008); *United States v. Kimmons*, 917 F.2d 1011, 1014 (7th Cir. 1990); *United States v. Nolan*, 910 F.2d 1553, 1560 (7th Cir. 1990). Burton could not demonstrate prejudice because *nothing* of consequence transpired in chambers except that the district court sorted through the pending motions in limine, granted those which were unopposed, and set aside the rest for ruling at trial with a court reporter present. An appellate claim would thus be frivolous.

Counsel next examine whether Burton might challenge the district court's evidentiary rulings. His lawyers have concluded that any appellate claim would be frivolous and we agree. Allowing the jury to hear the 911 call could not have been error because the call was made as Burton brandished the gun, and observations made during a 911 call can qualify as both present sense impressions and excited utterances. *United States v. Davis*, 577 F.3d 660, 668-70 (6th Cir. 2009); *United States v. Shoup*, 476 F.3d 38, 42-43 (1st Cir. 2007); *United States v. Thomas*, 453 F.3d 838, 844 (7th Cir. 2006). Neither could the trial judge have erred in stopping Burton from implying that Figueroa lied to prosecutors about his marijuana use; the district court credited the prosecutors' representation that Figueroa never said he had stopped smoking marijuana, and defense counsel did not explain how Burton could have a good-faith basis to challenge as a lie a statement that was never made. *See United States v. Adames*, 56 F.3d 737, 745 (7th Cir. 1995). Nor could Burton establish error in the ruling that kept him from trying to impeach Sammon with a report written by another police officer. Defense counsel tried to use the report before getting an admission that Sammon had adopted it, but a witness cannot be impeached with a statement from a third party unless the witness has adopted that statement. *Adames*, 56 F.3d at 744-45; *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993). Finally, we see no potential basis to

challenge the court's rulings on Burton's relevance objections. A trial judge has broad discretion in determining relevance, *United States v. Wilburn*, 581 F.3d 618, 624 (7th Cir. 2009), and even if the court erred, the error was harmless because none of the admitted testimony bore on the facts supporting the conviction, i.e., that Figueroa, Sammon, and Meneses all saw Burton in possession of the firearm, *United States v. Christ*, 513 F.3d 762, 774-75 (7th Cir. 2008).

Counsel also analyze whether Burton could challenge the district court's refusal to instruct on mere presence. Burton would have to show, among other things, that the instruction was supported by evidence suggesting that he was standing idly by while someone else engaged in the criminal activity. *United States v. Glover*, 479 F.3d 511, 519 (7th Cir. 2007); *United States v. Robinson*, 96 F.3d 246, 251-52 (7th Cir. 1996). Challenging the court's ruling would be frivolous because mere presence cannot reasonably be inferred from evidence that a cyclist arrived at the scene *after* Figueroa already had seen Burton with the gun.

Next counsel consider whether Burton could argue that the government presented insufficient evidence to convict him. For a conviction under § 922(g)(1), the government must prove that after incurring a felony conviction the defendant possessed a gun that had traveled in or affected interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Morris*, 349 F.3d 1009, 1013 (7th Cir. 2003). Here Burton stipulated to his prior felony, three witnesses saw him with the gun, and an expert testified that the gun was manufactured in Argentina. The jury chose to believe these witnesses, and we would not second-guess its assessments. *United States v. Hampton*, 585 F.3d 1033, 1042 (7th Cir. 2009).

Counsel also examine whether Burton could challenge his enhanced sentence under the Armed Career Criminal Act. 18 U.S.C. § 924(e)(1). Counsel conclude, and we agree, that any argument about applying the enhancement would be frivolous because Burton has more than three felonies for residential burglary, a violent felony under § 924(e)(2)(B)(ii). *See Taylor v. United States*, 495 U.S. 575, 578, 599 (1990); *United States v. King*, 62 F.3d 891, 896 (7th Cir. 1995). Moreover, it would be frivolous to challenge the length of the sentence as unreasonable; the term imposed is within the guideline range and thus presumptively reasonable, *Rita v. United States*, 551 U.S. 338, 347 (2007), *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008), and counsel suggest nothing to rebut that presumption.

All of the points Burton discusses in his response to counsel's submission address the sufficiency of the evidence and the credibility of the witnesses. As noted above, however, there was sufficient evidence to support the jury's verdict, and we would not disrupt the jury's credibility determinations. *United States v. Rollins*, 544 F.3d 820, 835 (7th

Cir. 2008). Burton has not identified a nonfrivolous issue to pursue on appeal, so there is no purpose in allowing him to proceed pro se.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.